531 A.2d 1111
COMMONWEALTH of Pennsylvania, Appellant,

v.

Gus TAYLOR, III, Appellee.

Supreme Court of Pennsylvania.

Submitted March 9, 1987.

Decided Oct. 15, 1987.

Michael J. Veshecco, Dist. Atty., Michael R. Cauley, First Asst. Dist. Atty., Erie, LeRoy S. Zimmerman, Atty. Gen., Robert A. Graci, Chief Deputy Atty. Gen., Andrea F. McKenna, Deputy Atty. Gen., Harrisburg, for appellant.

Jay S. Nedell, Catlett & Associates, Houston, Tex., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## ORDER OF THE COURT

PER CURIAM.

The Commonwealth challenges Superior Court's affirmance of the judgment of sentence which was imposed outside the sentencing guidelines, 204 PA. CODE § 303 et seq. In view of our recent invalidation of the guideline which the sentencing court refused to apply in the matter *sub judice*, *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), we affirm.

LARSEN and HUTCHINSON, JJ., filed a dissenting opinion.

LARSEN, Justice, dissenting.

The trial court's refusal to impose an additional 12 months to 24 months imprisonment as mandated by the deadly weapons enhancement provision of the sentencing guidelines [1] was error. I would reverse the Superior Court order that affirmed the trial court, and remand this case for

1. 204 Pa.Code, Ch. 303.4, incorporated in 42 Pa.C.S.A. § 9721.

resentencing in accordance with the sentencing guidelines and the deadly weapons enhancement provision.

In affirming the judgment of sentence, the Superior Court appears to have confused the elements of the crimes for which the appellee was convicted, with the guidelines a court is required to consider in imposing sentence. The Superior Court said that since the criminal information filed against the appellee did not allege possession of a deadly weapon, the Commonwealth "is bound by its charge and cannot go beyond the allegation in the information and proceed to offer proof of the use of a deadly weapon at sentencing." *Commonwealth v. Taylor*, 346 Pa.Super. 599 at 608, 500 A.2d 110 at 115 (1985). This is plainly error. There is no requirement that before the deadly weapons enhancement can be imposed, it must be shown that possession of a deadly weapon in committing the crime was charged in the information or indictment.

The Sentencing Guidelines set forth various matters that are to be considered by the trial judge in determining a proper sentence. (42 Pa.C.S.A. § 9721) One of the guidelines is the fact of possession of a deadly weapon during the perpetration of the crime. This fact is to be considered by the court only after conviction and at the time of sentencing. Additionally, it is only to be considered when possession of a deadly weapon is not itself an element of the crime charged. The Act provides:

> There shall be no such enhancement for convictions: under 18 Pa.C.S. § 2702(a)(4) (relating to aggravated assault); of violations of the Pennsylvania Uniform Firearms Act, 18 Pa.C.S. §§ 6101–6120; under 18 Pa.C.S. § 907 (relating to possessing instruments of crime); under 18 Pa.C.S. § 908 (relating to prohibited offensive weapons); or of any other offense for which possession of a deadly weapon is an element of the statutory definition.

204 Pa.Code 303.4(b), incorporated in 42 Pa.C.S.A. § 9721.

In purpose and intended effect, the deadly weapons enhancement provision of the sentencing guidelines is similar

to the Mandatory Minimum Sentencing Act, 42 Pa.C.S.A. § 9712. We upheld the constitutionality of that Act in *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985). In discussing the intended effect of the Mandatory Minimum Sentencing Act in my Concurring Opinion in *Wright*, which was joined by the majority, I said:

It is intended, and it is reasonable to believe, that application of the Mandatory Sentencing Act will deter the dangerous and intimidating use of firearms by felons in the perpetration of crimes. A lengthened incarceration for felons who make visible use of firearms in the execution of their criminal deeds tends to have the effect of maintaining in the citizenry, much needed confidence in our criminal justice system.

*Id.*, 508 Pa. at 43, 494 A.2d at 363 (Concurring Opinion by Larsen, J. joined by the majority opinion). The same can be said of the deadly weapons enhancement provision with respect to its effect on the use of deadly weapons by felon in committing crimes in the Commonwealth.

As I said in my dissent in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), I believe the sentencing guidelines in effect at the time the appellee was sentenced were duly adopted and are constitutionally valid. I would remand this case to the trial court for resentencing under those sentencing guidelines including the deadly weapons enhancement.

HUTCHINSON, Justice, dissenting.

I dissent. For the reasons I stated in my concurring and dissenting opinion in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), I believe the sentencing guidelines are valid. I would reverse Superior Court and remand the record to Common Pleas for resentencing in accordance with the guidelines. I also note my agreement with Mr. Justice Larsen's rationale for the conclusion that their provision for enhancement of sentence when a felon possesses

a deadly weapon while committing a crime applies in this case.