539 A.2d 371

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Charles FELIX, Jr., Appellee.**

Superior Court of Pennsylvania.

Argued May 28, 1987.

Filed March 14, 1988.

146

148

Hugh Burns, Jr., Assistant District Attorney, Philadelphia, for Com., appellant.

Dale G. Larrimore, Philadelphia, for appellee.

Before ROWLEY, KELLY and WATKINS, JJ.

KELLY, Judge:

The Commonwealth appeals from a sentence of "time in" (four months) to twenty-three months imposed upon appellee Charles Felix, Jr., following his conviction in a bench trial of burglary and theft. The Commonwealth argues that the trial court abused its discretion by unreasonably sentencing appellee below the applicable mitigated minimum range. Despite the subsequent invalidation of the sentencing guidelines, we find that: the appearance of a substantial question as to the appropriateness of the sen-

tence imposed, considering the Sentencing Code as a whole, is presented; the gravamen of the Commonwealth's challenge to the discretionary aspects of sentence is that the sentence imposed is excessively lenient under the circumstances; and, the trial court did abuse its discretion by imposing an excessively lenient sentence. We vacate judgment of sentence and remand for resentencing.

## I.

The pertinent facts and procedural history may be summarized as follows. Appellee circulated flyers advertising his willingness to complete small home repairs as an independent contractor (handyman). Michael and Rene Klein hired appellee to repair their back door. After the repair work was done and while the Kleins were not home, their home was burglarized. A neighbor reported seeing appellee return to the Klein residence during the time period when the burglary occurred. A warrant was issued to search appellee's residence and a gold necklace was discovered which was identified as being one of the items taken in the burglary.

A bench trial was conducted on January 5, 1984. Appellee claimed the gold necklace was his and not the one stolen from the Kleins. Appellee also presented an alibi defense. Nonetheless, appellee was convicted of burglary and theft. Post-verdict motions were filed and denied. On May 10, 1984, the trial court sentenced appellee to two concurrent sentences of "time-in" (four months) to twenty-three months imprisonment.

On May 17, 1984, the Commonwealth filed a timely motion for reconsideration of sentence. The Commonwealth contended that the sentence was unreasonable in that: it was substantially below the applicable mitigated minimum range; mitigating circumstances were negligible; appellee's extensive criminal record including 21 arrests, 13 convictions, and several parole and probation violations were not fully reflected in the prior record score computation and therefore constituted a countervailing aggravating factor;

and, the psychiatric evaluation indicated that appellee's prognosis for "adequate adjustment" was "marginal at best." On May 17, 1984, sentence was vacated pending consideration of the Commonwealth's motion. Following a brief hearing on September 12, 1984, the Commonwealth's motion for reconsideration was denied and sentence was reinstated. Timely notice of appeal was filed and the case is now properly before us for disposition.

## II.

On appeal, the Commonwealth contends that the sentence imposed is excessively lenient and constitutes an unreasonable deviation from the applicable guideline ranges. This is a challenge to a discretionary aspect of sentence.

This Court explained in *Commonwealth v. Darden*, 366 Pa.Super. 597, 531 A.2d 1144 (1987):

Under Pennsylvania law, neither the defendant nor the Commonwealth may take an appeal as of right from the discretionary aspects of sentence. Rather, "[t]he defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code]." 42 Pa.C.S.A. § 9781(b). Our Supreme Court indicated in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), that three distinct steps must be taken to properly raise a challenge to the discretionary aspects of sentence: there must be a timely notice of appeal (*see* Pa.R.A.P. 902 & Note; Pa.R.A.P. 903); the challenge must be set forth in the statement of questions presented (*see* Pa.R.A.P. 2116(b)); and, the appellant must include in the brief, immediately preceding argument in support of the challenge, a separate, concise statement of the reasons for allowance of appeal under 42

Pa.C.S.A. § 9781(c) (*see* Pa.R.A.P. 2119(f)). 522 A.2d at 18–19.

366 Pa.Superior Ct. at 601–602, 531 A.2d at 1146.

### A.

In the instant case, timely notice of appeal was filed; the Commonwealth's challenge to the discretionary aspects of sentence was included in the statement of question presented; and, the Commonwealth included in its brief, immediately preceding argument in support of the challenge, a separate, concise statement of the reasons for allowance of appeal. Thus, the Commonwealth has satisfied the *procedural* requirements for properly raising a challenge to discretionary aspects of sentence.

### B.

Next, we must determine whether appellant has raised the appearance of a substantial question as to whether the sentence imposed is appropriate under the Sentencing Code as a whole. Under the plain language of 42 Pa.C.S.A. § 9781(b), the appearance of a substantial question determines whether this Court *may* grant allowance of appeal of the discretionary aspects of sentence, while the sound discretion of this Court determines whether this Court *will* grant review. *Commonwealth v. Darden, supra,* 366 Pa. Superior Ct. at 603, 531 A.2d at 1147; *see also Commonwealth v. Douglass,* 370 Pa.Super. 104, 113–114, 535 A.2d 1172, 1177 (1987) (Kelly, J., concurring).

### 1.

In order to determine whether the Commonwealth has raised the appearance of a substantial question in the instant case, we must first decide, at least generally, what a "substantial question" is. Our task has been narrowed somewhat by the legislature; 42 Pa.C.S.A. § 9781(c) provides:

**Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

*In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.*

(Emphasis added). Unless an appellant establishes one of these three grounds to vacate sentence, this Court is under a statutory mandate to affirm judgment of sentence. It follows, necessarily, that presentation of at least an arguable claim that the sentence should be vacated under one of these grounds is *minimally* required to establish a substantial question. *Cf. Commonwealth v. Tilghman,* 366 Pa.Super. 328, 330–31, 531 A.2d 441, 443–44 (1987); *Commonwealth v. Easterling,* 353 Pa.Super. 84, 509 A.2d 345 (1986).[1]

In construing the language of 42 Pa.C.S.A. § 9781(c)(2) and 42 Pa.C.S.A. § 9781(c)(3), it is important to note that this Court's former *dictum* that "only in exceptional cases and for sufficient reasons may a court deviate from the guidelines,"[2] has been abandoned. In *Commonwealth v. Darden, supra,* this Court noted that our Supreme Court's opinion in *Commonwealth v. Tuladziecki, supra,* eroded, if

1. An allegation that the trial court failed to set forth the reasons for sentence as required by *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) and 42 Pa.C.S.A. § 9721(b) may constitute an additional statutory ground for a challenge to discretionary aspects of sentence. *See Commonwealth v. Osborn,* 364 Pa.Super. 505, 518–20, 528 A.2d 623, 630–31 (1987); *see also Commonwealth v. Douglass, supra,* 370 Pa.Superior Ct. at 110 n. 2, 535 A.2d at 1175 n. 2; *Commonwealth v. Tilghman, supra,* 366 Pa.Superior Ct. at 332 n. 2, 531 A.2d at 443 n. 2.

2. *See e.g. Commonwealth v. Fluellen,* 345 Pa.Super. 167, 171, 497 A.2d 1357, 1359 (1985), *quoting Commonwealth v. Hutchinson,* 343 Pa.Super. 596, 598, 495 A.2d 956, 958 (1985).

not overruled *sub silentio,* any basis for reliance on the former *dictum.* This Court then concluded:

[W]hile the sentencing court is required to 'consider' the applicable guidelines, and while the reasons for any deviation from the applicable standard range of the guidelines must be explained in writing, the determination of whether the sentence is 'not appropriate,' 'clearly unreasonable,' or 'unreasonable' must be made with reference to the Sentencing Code *as a whole,* not solely with reference to the provisions of the sentencing guidelines.

366 Pa.Superior Ct. at 608, 531 A.2d at 1150. (Emphasis in original). Our analysis in *Darden* is supported by our Supreme Court's explanation in *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987), that:

Most important, the court has no 'duty' to impose a sentence considered appropriate by the Commission. The guidelines must only be 'considered' and, to ensure that such consideration is more than mere fluff, the court must explain its reasons for departure from them. Viewed in this manner, the guidelines are essentially a sophisticated compilation and distillation of a vast range of factors affecting the sentencing process in the abstract, accomplished by persons of expertise representing a broad spectrum of interests. The legislature with the governor's approval has deemed it proper that the findings of such a body, assembled to assist it in developing and overseeing a sound sentencing system, be given practical application in individual cases as well. We may say that in directing courts to consider these guidelines, just as they must consider a number of listed though non-exclusive factors in imposing probation, the legislature has done no more than direct that the courts take notice of the Commission's work.

516 Pa. at 377, 532 A.2d at 781; *see also Commonwealth v. Douglass, supra,* 370 Pa.Superior Ct. at 110–113, 535 A.2d at 1174–1176; *Commonwealth v. Pickford,* 370 Pa.Super. 444, 448–451, 536 A.2d 1348, 1350–51 (1987) (Kelly, J., concurring and dissenting).

■ From the foregoing we conclude that in accordance with the provisions of 42 Pa.C.S.A. § 9781(c), in order to raise the *appearance* of a substantial question, an appellant must present *at least an arguable claim* that:

1) the sentencing court purported to sentence within the guidelines, but applied the guidelines erroneously;[3]

2) the sentencing court sentenced within the guidelines (including aggravated or mitigated ranges), but the case involved circumstances which rendered application of the guidelines *"clearly unreasonable"* considering the Sentencing Code as a whole; or,

3) the sentencing court sentenced outside the guidelines, and the sentence was *"unreasonble"* considering the Sentencing Code as a whole.[4]

Within these general parameters broad discretion remains as to whether allowance of appeal will be granted. A claim may be *arguable* and yet be deemed to be less than *substantial*. Moreover, the standards themselves involve such elastic concepts as "appropriateness" and "reasonableness." Nonetheless, as construed herein, 42 Pa.C.S.A. § 9781(c) provides the basic substantive format within which challenges to the discretionary aspects of sentence must be presented.

2.

■ Some controversy exists with regard to where this Court must look to determine whether an appellant has raised the appearance of a substantial question. In *Commonwealth v. Darden, supra,* this Court explained:

In *Commonwealth v. Tuladziecki, supra,* our Supreme Court made it clear that our determination as to whether a substantial question was presented was to be made

---

3. Included in this category would be challenges to the trial court's construction of guideline provisions and challenges to the provisions themselves.

4. Included in this category would be challenges in cases where the guidelines applied but were not followed, and cases to which the guidelines did not apply (e.g. sentence following probation revocation, 204 Pa.Code § 303.1(f)).

separate and distinct from any review of the merits of the petition. 522 A.2d at 19–20.

366 Pa.Superior Ct. at 603, 531 A.2d at 1147. In *Commonwealth v. Zeitlen,* 366 Pa.Super. 78, 530 A.2d 900 (1987), this author explained:

> [T]here appears to be some question as to whether the requirement of the separate, concise statement of reasons for allowance of appeal under 42 Pa.C.S.A. § 9781(b) required by Pa.R.Crim.P. 2119(f) is jurisdictional or procedural in nature. *Compare Commonwealth v. Hawthorne, supra* [364 Pa.Super. 125, 527 A.2d 559 (1987)] *and Commonwealth v. Lapcevich, supra* [367 Pa.Super. 151, 527 A.2d 572 (1987)] (Del Sole, J., concurring). *The distinction, however, may be more one of semantics rather than of substance.*
>
> Because timely notice of appeal acts as an initial petition for allowance of appeal in such cases, at least provisional jurisdiction is thereby acquired. *See* Pa.R.A.P. 902 & Note. However, as *Commonwealth v. Hawthorne, supra,* demonstrates, the failure to comply with Pa.R.A.P. 2119(f), has a substantive effect in that without at least "substantial compliance" with Pa.R.A.P. 2119(f) (*see Commonwealth v. Lapcevich, supra; Commonwealth v. Bogden, supra* [364 Pa.Super. 300, 528 A.2d 168 (1987)]), the appellant/petitioner will be unable to meet his burden to establish the appearance of a substantial question regarding the appropriateness of the sentence imposed. *See* 42 Pa.C.S.A. § 9781(b).
>
> *While an opponent can certainly waive a procedural defect such as this, this Court is clearly not at liberty to ignore the defect and proceed to review of the merits of the claim.* This Court stated in *Commonwealth v. Hawthorne, supra:*
>
>> In light of the unequivocal terms in which the Supreme Court views compliance with our Rules of Appellate Procedure, in this area of discretionary appeals ('precise' adherence is to be the benchmark and not the exception), we deem the Commonwealth's failure to

provide *anywhere* in its brief a 'concise statement of reasons' for contesting the discretionary aspect of the sentence to be fatal to its appeal.

*The fact that the defendant did not raise specifically the matter in her brief is overridden by this Court's obligation to assure itself that our rules of court are followed. See e.g., Commonwealth v. Drew,* 353 Pa. Super. 632, 510 A.2d 1244 (1986); *Commonwealth v. Stoppie,* 337 Pa.Super. 235, 486 A.2d 994 (1984); *Commonwealth v. Jones,* 329 Pa.Super. 20, 477 A.2d 882 (1984); *Commonwealth v. Taylor,* 306 Pa.Super. 1, 451 A.2d 1360 (1982). Such policing of an appellant's brief is now re-enforced by the remarks and ruling of the Court in *Tuladziecki,* supra.

364 Pa.Superior Ct. at 135–136, 527 A.2d at 564 (footnote omitted).

Under such analysis, a petition for allowance of appeal of discretionary aspects of sentence may be quashed, dismissed, or denied based upon the existence of a substantial procedural defect. *See* Pa.R.A.P. 902; Pa.R.A.P. 2101. Nonetheless, whether the petition for allowance of appeal is quashed based upon a jurisdictional defect, or it is quashed, dismissed, or denied based upon a substantial procedural defect, the effect on an appellant is the same—appellant is denied review of the merits of his challenges to the discretionary aspects of the sentence imposed based solely upon the failure of counsel to comply with Pa.R.A.P. 2119(f).

I find the *Hawthorne* analysis compelling up to the point that it concludes that the appeal from the discretionary aspects of sentence must be quashed. It is at that point, I believe, that Judge Hoffman's suggestion—that we simply enforce the rule and direct compliance with Pa.R. A.P. 2119(f)—carries the weight of reason.

366 Pa.Superior Ct. at 83, 530 A.2d at 902–03. (Kelly, J. concurring). (Emphasis added).

Nonetheless, a closely divided *en banc* panel of this Court in *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987) (per Wieand, J.; Rowley, Montemuro, Beck, and

Tamilia, JJ., join), purported to reject the *Hawthorne* analysis outright, and held that the failure to comply with Pa.R.A.P. 2119(f) was a procedural defect which could be waived. 367 Pa.Superior Ct. at 519, 533 A.2d at 138. *But see id.,* 367 Pa.Superior Ct. at 520, 533 A.2d at 139) (Brosky, J., dissenting; Cirillo, P.J., and Popovich and Johnson, JJ., join).[5] The *Krum* majority gave no indication, however, how the mandates of 42 Pa.C.S.A. § 9781(b) and *Tuladziecki* were to be met without at least substantial compliance with Pa.R.A.P. 2119(f); gleaning through the entire argument section of appellant's brief for indications of the appearance of a substantial question was precisely the practice *Tuladziecki* condemned. *Commonwealth v. Tuladziecki, supra,* 513 Pa. at 513, 522 A.2d at 19–20; *see also Commonwealth v. Pickford, supra,* 370 Pa.Superior Ct. at 452–454, 536 A.2d at 1352–53. (Slip Opinion at 8–9). In light of the foregoing, we note explicitly that in determining whether the appearance of a substantial question has been presented in the instant case, we do not look beyond the Commonwealth's statement of questions presented and the Commonwealth's Pa.R.A.P. 2119(f) statement.

3.

■ The Commonwealth's statement of question presented asks:

Did the sentencing court err in deviating from the guidelines by imposing a four month sentence for a first degree felony burglary, where the twenty-three-year-old defendant was a chronic recidivist with record of thirteen prior crimes including four burglaries and his latest crime violated one parole sentence and two probation sentences?

(Commonwealth's Brief at 3). In its concise statement of the reasons for allowance of appeal the Commonwealth explained:

**5.** *Hawthorne,* however, did not hold that the opposing party could not waive its objection to the failure to comply with Pa.R.A.P. 2119(f); rather, *Hawthorne* and *Zeitlen* both held that any waiver is overridden by the court's obligation to enforce this particular rule in order to meet the mandate of *Tuladziecki.*

This case presents a substantial question that the sentence imposed is not appropriate under the Sentencing Code. Defendant was convicted of burglary as a first degree felony. He had *thirteen prior convictions for adult crimes and juvenile felonies, including four prior burglaries. He served only four months imprisonment under the sentence imposed below.* The sentencing court gave no proper consideration to the protection of the public, the nature and circumstances of the crime, defendant's history and characteristics, presentence investigation, or the sentencing guidelines. The sentence imposed also depreciates the serious nature of defendant's crime. *See* 42 Pa.C.S.A. §§ 9721, 9722, 9725. Appeal should therefore be allowed.

(Commonwealth's Brief at 7). Read together, the statement of question presented and the Pa.R.A.P. 2119(f) statement raise the appearance of a substantial question required by 42 Pa.C.S.A. § 9781(b). Succinctly, awarding a youthful career criminal, whose current offense violates current probation and parole sentences, a sentence on a first degree felony conviction of four to twenty-three *months* (which is *far* below even the mitigated minimum sentencing range applicable) raises the appearance of a substantial question under 42 Pa.C.S.A. § 9781(c)(3), i.e. the sentence imposed was outside the guideline ranges and was unreasonable considering the Sentencing Code as a whole.

4.

■ We note, however, that we do not recommend the above Pa.R.A.P. 2119(f) statement as a model for future cases. In *Commonwealth v. Douglass, supra,* this author explained:

[T]he mandate of 42 Pa.C.S.A. § 9781(b) is not fulfilled by the mere incantation of the language of one of the subprovisions of 42 Pa.C.S.A. § 9781(c). Our former practice was struck down as having improperly enlarged an appellant's right to appeal. Would a construction of 42 Pa.C.S.A. § 9781(b) and Pa.R.A.P. 2119(f) which merely required the incantation of conclusions of law or partic-

ular statutory language have any real or practical effect on the decision of whether to grant allowance of appeal? Assuredly not. Our Supreme Court explained:

> Our insistence on separate presentation of these issues is more than mere formalism; important concerns of substance guide this decision. In addition to preserving the respective rights of both parties according to the jurisdictional scheme provided by the legislature, it furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

*Commonwealth v. Tuladziecki, supra,* 513 Pa. at 513, 522 A.2d at 19–20. This purpose can only be effectuated if this Court requires that appellant's concise statement contain specific allegations of fact, rather than mere conclusions of law. Moreover, because the determination as to whether appellant's allegations are sufficient to raise the appearance of a substantial question must be separate and distinct from the review of the merits of the appeal, the factual allegations in the statement must be accepted as a true and complete statement of the relevant facts *for this limited purpose.* Only in this way can the requirement of a separate review of the statement rise above mere formalism and achieve its substantive purpose of limiting discretionary review on the merits to "exceptional case[s]."

370 Pa.Superior Ct. at 456–459, 535 A.2d at 1176–1177; *see also Commonwealth v. Darden, supra,* 366 Pa.Superior Ct. at 603–604, 531 A.2d at 1147.

The Commonwealth's Pa.R.A.P. 2119(f) statement in the instant case consists primarily of incantations of statutory provisions and pronouncements of conclusions of law; nonetheless, when read together with the statement of question presented, sufficient assertions of fact exist to raise a substantial question under 42 Pa.C.S.A. § 9781(c)(3). In the future, however, reference to the guideline ranges applicable and a complete statement of factual assertions in sup-

port of any challenge under 42 Pa.C.S.A. 9781(c)(2) or 42 Pa.C.S.A. § 9781(c)(3) is highly recommended.[6]

### C.

■ Based upon the foregoing, we find the appearance of a substantial question is presented; thus, we *may* in our discretion grant allowance of appeal in the instant case. *See Commonwealth v. Darden, supra,* 366 Pa.Superior Ct. at 604, 531 A.2d at 1147. In exercising this discretion, we may look to the record; where the record reveals that appellant's assertions are unfounded or material omissions have been made with regard to the basis for the sentence imposed, this Court may deny allowance of appeal. *Id.* In the instant case, however, the record sustains and indeed supplements the Commonwealth's assertions. Accordingly, we grant allowance of appeal of the discretionary aspects of sentence.

### III.

■ Before proceeding to the merits of the appeal, another issue remains to be resolved. While *Commonwealth v. Sessoms, supra,* clarified substantially the nature of the guidelines and their relation to the Sentencing Code as a whole, the decision, on the other hand, raised new questions regarding appeals challenging a trial court's deviation from the applicable sentencing guidelines. In *Sessoms,* our Supreme Court held that the 1982 guidelines were invalid as the result of constitutional defects in the adoption procedures. Where a challenge to the application of the guidelines in a particular case. based upon an assertion that the guidelines were not properly adopted has been preserved at each level of review, sentence must be vacated and the case

6. Our comments in this regard should not in any way be construed as disparaging the representation provided by counsel for the Commonwealth. Rather, this case provides a vehicle to resolve common, even universal, questions as to what constitutes a substantial question and what should be contained within a Pa.R.A.P. 2119(f) statement which have arisen in the wake of *Commonwealth v. Tuladziecki, supra,* and its progeny.

must be remanded for resentencing. *Commonwealth v. Sessoms, supra,* 516 Pa. at 380 n. 2, 532 A.2d at 782 n. 2.

When, on the other hand, the adoption procedures issue has not been properly preserved, the effect of *Sessoms* depends upon the appellant's specific grounds for a challenge to the discretionary aspects of sentence. If appellant challenges the *application* of the guidelines by the trial court, then the appeal will be decided without reference to the invalidity of the guideline adoption procedures, as the issue is deemed to have been waived. *See Commonwealth v. Samuels,* 516 Pa. 300, 304 n. 4, 532 A.2d 404, 406 n. 4 (1987). Where the appellant challenges only the trial court's *refusal to apply a guideline provision,* the appeal must fail. An appellate court may affirm a lower court for any reason, whether or not that reason was stated as the basis for the decision in the court below; thus, the failure to preserve an adoption procedures challenge would not preclude affirmance on such grounds when appeal is predicated solely on the refusal of the trial court to apply the guidelines or provisions thereof. Succinctly, no prejudice could result from the refusal to apply invalid guidelines. *See Commonwealth v. Taylor,* 516 Pa. 21, 531 A.2d 1111 (1987); *see also Commonwealth v. Pickford, supra,* 370 Pa.Superior Ct. at 457 n. 3, 536 A.2d at 1355 & n. 3, *citing Commonwealth v. Terry,* 513 Pa. 381, 402, 521 A.2d 398, 409 (1987).

A more complicated situation arises with regard to a challenge under 42 Pa.C.S.A. § 9781(c)(3). Such a challenge is predicated, not only upon an assertion that the trial court has deviated from the guidelines, but also upon an assertion that the sentence imposed is unreasonable considering the Sentencing Code as a whole. As a challenge under § 9781(c)(3) does not rest solely on the non-application of the guideline recommendation, the invalidity of the guideline adoption procedures would not provide a basis to affirm the sentence on alternate grounds. Whether or not the guidelines are considered, the basic gravamen of the chal-

162

lenge to discretionary aspects of sentence remains that the sentence imposed was unreasonable considering the Sentencing Code as a whole. Consequently, we find that, unlike the situation in *Commonwealth v. Taylor, supra,* a challenge under 42 Pa.C.S.A. § 9781(c)(3) is not controlled by our Supreme Court's decision in *Commonwealth v. Sessoms, supra.*

## IV.

██ Our disposition on the merits of the appeal is simple and direct. Upon review of the record we find that the trial court abused its discretion by imposing an excessively lenient sentence.

## A.

At age twenty-four this youthful career criminal has amassed a substantial record of criminal activity. As a juvenile, appellee was arrested ten times, adjudicated delinquent four times, and committed once. His juvenile record includes three burglary adjudications. As an adult, appellee has been arrested eleven times and convicted nine times. Six of appellee's convictions resulted in sentences of probation; appellee has been cited eight times as a probation violator and once as a parole violator. His adult convictions include burglary, forgery, simple assault, theft, and resisting arrest offenses.

A court-ordered psychological evaluation of appellee concluded:

> This man is capable of understanding a sentencing procedure. He has had numerous contacts with the law and *does not learn [from] past experiences which may imply some sociopathic problems....* [W]hen he is released in the community he should be given close supervision.... *The prognosis for adequate adjustment, however, seems marginal at best.*

(Mental Health Evaluation, dated 1/12/84 at 4).[7]

Appellee's current offenses were burglary and theft. Burglary, the greater offense, is a first degree felony; the statutory limits for such an offense is a minimum sentence of ten years and a maximum sentence of twenty years imprisonment. With an offense gravity score of six and a prior record score of six, the applicable guideline ranges were as follows: mitigated minimum range, 25 to 33 months; standard minimum range 33 to 49 months; and aggravated minimum range 49 to 61 months. Appellee's actual sentence was "time-in" (four months) to 23 months. The maximum sentence imposed was below the lowest sentence recommended in the mitigated minimum sentence range.

In response to the Commonwealth's objections that the sentence was too lenient, the trial court explained:

THE COURT: *If I am going to gamble, I will gamble the whole way. If I think that is what the sentence ought to be, that is what I will give him.*

On the other charges, on the record note the objection by the District Attorney's office.

They will be concurrent sentences on the other charges.

All right, I wish you luck.

THE DEFENDANT: Thank you, Your Honor.

[THE PROSECUTOR]: Your Honor, will you state the reasons for the deviations from the guideline?

---

7. Appellee asserts that Dr. Levitt "specifically recommended a short period of incarceration followed by a long period of regular counselling and therapy under the close supervision of the probation department." (Appellee's Brief at 4). In support of this assertion, appellee's counsel has attached an affidavit, signed by himself, summarizing post-verdict conferences and proceedings. (Appellee's Reproduced Record at 2A). This supplement is not properly before the court. *See* Pa.R.A.P. 1926. We note that while both of Dr. Levitt's written reports recommend that appellee receive counselling and close supervision *when* he is released from incarceration, neither express an opinion as to *how* long appellee should be incarcerated before such release. (Mental Health Evaluation 4/19/84 at 2; Mental Health Education 1/12/84 at 4). Additionally, we note that the trial court made no mention of any such recommendation in his statement of the reasons for the sentence imposed. (N.T. 5/10/84 at 1–7).

THE COURT: Yes. I thought I already have.

*This Court believes that this change of circumstances on the part of the defendant caused the Court to consider something less than mitigated penalty: That he is presently married,* I was responsible for that, I guess, married in court.

Number two, *that the young lady to whom he is married is with child* —when is delivery date?

MRS. FELIX: June 2nd.

THE COURT: June 2nd.

And there's been testimony by Mr. Higgins who is with that parole outfit, *You–Help,* from the archdiocese, who *is going to assist in perhaps one of the things that might have caused the trouble, his employment,* and he has that, as a painter.

And I *believe that having been in there [jail] for four and a half months, he ought to have chilled off from the thrill of your dope thing,* right?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I wish you luck.

(N.T. 5/10/84 at 4–5). (Emphasis added).

### B.

In *Commonwealth v. Tuladziecki, supra,* our Supreme Court explained:

It is apparent that the legislature has vested broad discretion in the trial court to impose a sentence appropriate to each case which comes before it. It is also apparent that the legislature has provided a thorough, though not exhaustive, outline of considerations to focus the court's deliberations in choosing an appropriate sentence. It is only where a party can articulate reasons why a particular sentence raises doubts that this scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion.

513 Pa. at 515, 522 A.2d at 20. In the instant case, the Commonwealth has properly preserved its challenge to the

discretionary aspects of sentence and has articulated specific compelling reasons which persuade this Court that the sentence imposed is excessively lenient and must be vacated.

Balanced in support of the reasonableness of the sentence imposed is the deference this Court must accord the trial court's evaluation of the sincerity of appellee's desire to become a responsible husband and father, to secure and continue lawful employment, and to abide by laws which appellee broke with regularity in the past. Although there is great truth in the adage that the best gauge of the future is the past, it is nonetheless the prerogative of the trial court to believe or disbelieve such avowals of conversion to principles of good citizenship. The reasonableness of the sentence imposed is also supported by testimony that employment assistance and counselling would be arranged for appellee through a local social service organization.

Balanced against the reasonableness of the sentence are several factors. The offense involved was burglary, a first degree felony. Appellee had a staggering record of criminal conduct as a juvenile and as an adult; this was appellee's *fourth* burglary offense. Previous attempts at rehabilitation were unqualified failures; indeed, the current offense violated two probation sentences and parole.[8] Finally, despite appellee's avowals of reformation, the court ordered mental health evaluation indicated that appellee's prognosis for "adequate adjustment" seemed "marginal at best."[9]

8. *Cf. Commonwealth v. Mills,* 344 Pa.Super. 200, 496 A.2d 752 (1985) (multiple burglary offenses, and violation of probation demonstrated aggravating circumstances); *Commonwealth v. Darden, supra,* 366 Pa.Superior Ct. at 605, 531 A.2d at 1148–49 (prior record score did not begin to take account of appellant's staggering record of criminal activity; the unincorporated prior record constituted a substantial aggravating factor).

9. We note that we do not consider or give any weight to references in the Commonwealth's brief to a threat which may or may not have been made by appellee against the Kleins immediately after the verdict was entered. (*Compare* Commonwealth's Brief at 4, 11–12, *and* Appellee's Brief at 3). Additionally, while there is testimony of record to support the Commonwealth's assertions that the house was

The minimum sentence imposed, "time in" (four months), was *far below* even the mitigated minimum sentence range applicable. Under the circumstances indicated above, we find that the trial court's hopeful "gamble" (N.T. 5/10/84 at 4) on appellee's avowed reformation was an abuse of the broad discretion vested in the trial courts. The mitigating factors identified by the trial court were simply insufficient to justify so excessively lenient a sentence, especially considering the serious countervailing aggravating factors also present in the instant case.

## CONCLUSION

Based on the foregoing, allowance of appeal from the discretionary aspects of sentence is granted, sentence is vacated, and the case is remanded for resentencing. Jurisdiction of the Court is relinquished.

ROWLEY, J., files dissenting statement.

ROWLEY, Judge, dissenting:

I respectfully dissent. The imposition of sentence is a matter vested in the discretion of the trial court, and on appeal, we can vacate the sentence and remand for resentencing only if there has been a manifest abuse of discretion, *Commonwealth v. Plank*, 498 Pa. 144, 445 A.2d 491 (1982), or if the sentence exceeds the statutorily prescribed limits for a sentence. *Commonwealth v. Cottle*, 493 Pa. 377, 426 A.2d 598 (1981). An abuse of discretion is more than simply an error of judgment; an abuse of discretion will not be found unless the trial court's judgment is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. *Commonwealth v. Lane*, 492 Pa. 544, 424 A.2d 1325 (1981). Ordinarily, an appellate court should not disturb a sentence so long as it is within the statutory limits

"ransacked" (*see* N.T. 1/5/84 at 19, 32), we do not find this fact to be of particular significance in the disposition of the instant appeal. (*Compare* Commonwealth's Brief at 4, 10, and Appellee's Brief at 2).

because the trial court is in a much better position to weigh the factors involved in sentencing. *Commonwealth v. Scatena*, 332 Pa.Super. 415, 481 A.2d 855, reversed on other grounds, 508 Pa. 512, 498 A.2d 1314 (1985). Moreover, it is not the function of the appellate court to determine whether it agrees with the reasons of the trial court for imposing a particular sentence or whether it would impose the same sentence were it the trial court. *Commonwealth v. Rooney*, 296 Pa.Super. 288, 442 A.2d 773 (1982); *Commonwealth v. Campolei*, 284 Pa.Super. 291, 425 A.2d 818 (1981). Our standard for reviewing a sentence is limited to ascertaining whether or not there is a manifest abuse of the trial court's discretion.

Applying this standard of review to the present case, I conclude that the trial court did not abuse its discretion in sentencing appellee. Regardless of whether I or any of the other judges on this panel might have imposed the same sentence were any of us the trial judge, nevertheless, I perceive nothing in the record to indicate that the sentence imposed is manifestly unreasonable or that is a result of any bias or prejudice. Moreover, the sentence is within the statutory limits. Therefore, I find no basis for concluding that the trial court abused its discretion and I would affirm the judgment of sentence.

Moreover, although the sentence imposed is outside the guidelines, upon remand, there will be no guidelines for the trial court even to consider, regardless of the fact that the constitutionality of the guidelines has not been raised in the present appeal. See *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987) and *Commonwealth v. Samuels*, 516 Pa. 300, 532 A.2d 404, (1987). Therefore, should the trial court reimpose the identical sentence, appellant will not then be able to argue on a second appeal that the sentence is outside the guidelines. The sentence would be within the statutory limits, and in the absence of any evidence of manifest unreasonableness of the sentence or of bias or prejudice, there could be no abuse of discretion and we

would have to affirm the sentence imposed by the trial court.

Although I do not join in any portion of the majority's opinion, I also write separately to express my specific disagreement with the majority's conclusion that where a Pa.R.A.P. 2119(f) statement has been included in the appellant's brief, we may look at not only that statement, but also the statement of questions presented to determine whether there is a substantial question that the sentence is inappropriate under the Sentencing Code. Under Pa.R.A.P. 902, the notice of appeal operates as a petition for allowance of appeal from the discretionary aspects of sentence. The exclusive purpose of the statement of reasons for allowance of appeal, which is required to be included in the brief when one appeals from the discretionary aspects of sentencing, is to expand upon the petition and provide the reasons why the petition should be granted. Thus, the notice of appeal and the statement of reasons for allowance of appeal *alone* constitute the actual petition for allowance of appeal and *alone* contain the matters which can be considered in determining whether to grant the petition for allowance of appeal. The statement of questions presented, summary of argument, argument, conclusion and the record itself are matters which it is appropriate to examine only *after* the petition for allowance of appeal has been granted.

Moreover, if the requirement of filing a statement pursuant to Pa.R.A.P. 2119(f) is to have any meaning, then we must be required to look no further than this statement to determine whether or not to exercise our jurisdiction and grant permission to appeal. If we are permitted to examine statements outside the concise statement of reasons for allowance of appeal, such as the statement of questions presented, in order to have sufficient information to rule upon the petition for allowance of appeal, then there is no reason for specifically mandating, as the Supreme Court has done, in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), that the concise statement be included to

complete the petition for allowance of appeal. If the information contained within the statement of reasons for allowance of appeal lacks adequate specificity for us to determine that there is a substantial question warranting the exercise of our discretionary jurisdiction, it is inappropriate for us to look to any of the materials filed pursuant to an ordinary appeal, such as the statement of questions presented or the summary of the argument to satisfy the inadequacy of the statement of reasons.

Justice Zappala stated in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 512–15, 522 A.2d 17, 19–20 (1987), that the purpose of the procedure set forth in the appellate rules regarding appeals from the discretionary aspects of sentencing is to limit to *exceptional* cases challenges to the trial court's evaluation of the multitude of factors considered at sentencing. It is the obligation of the appellant to set forth in the statement of reasons facts supporting the conclusion that the appellant's case is one of those exceptional cases. It is not our responsibility, nor our prerogative to search through various portions of an appellant's brief seeking information to substantiate the petition for allowance of appeal. Furthermore, this court has held that failure to set forth adequate information, such as the length of the sentence and the crimes for which it was imposed, *in the statement of reasons relied upon for allowance of appeal* prevents us from finding that there is a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Cummings*, 368 Pa.Super. 341, 534 A.2d 114 (1987). Therefore, I specifically dissent from the majority's determination that where a Pa.R.A.P. 2119(f) statement of reasons has been included in the appellant's brief, we may examine not only that statement but also the statement of questions presented to determine whether or not to grant the petition for permission to appeal.