J-S04009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT SCOTT ADLEY, | |
| Appellant | No. 1312 MDA 2014 |

Appeal from the Judgment of Sentence February 26, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001117-2013

BEFORE:  BOWES, ALLEN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.:                **FILED JANUARY 28, 2015**

Robert Scott Adley appeals from the judgment of sentence of eight and one-half to twenty years incarceration after he pled guilty to aggravated assault of a child less than thirteen years of age and endangering the welfare of children ("EWOC").  We affirm.

Appellant caused his four month old daughter to suffer fractured ribs, vertebra, and other severe injuries.  As a result of this abuse, the Commonwealth charged Appellant with attempted homicide, aggravated assault of a child less than thirteen, EWOC, and simple assault. The abuse occurred between March 15, 2013, and July 23, 2013.  In exchange for the Commonwealth's withdrawal of the attempted homicide charge, Appellant

_____

[*]  Retired Senior Judge assigned to the Superior Court.

agreed to plead guilty to the remaining charges. The accord did not include a sentencing agreement. The trial court imposed a sentence of seven and one-half to fifteen years for the aggravated assault charge and a consecutive sentence of one to five years for EWOC.

Appellant filed a timely post-sentence motion. Therein, he contested his sentence as excessive and argued that the court erred in entering a sentence above the standard sentencing guideline range for the aggravated assault count. The court denied that motion and issued an opinion in support of that denial. This timely appeal ensued. Appellant's sole issue on appeal is "whether the sentencing judge abused his discretion in sentencing Appellant outisde [sic] the standard range of sentencing on count two, specifically sentencing him to seven and one half (7 ½) years to a maximum of fifteen (15) years." Appellant's brief at 3.

Appellant's issue relates to the discretionary aspects of his sentence. To adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion, or raise the claim during the sentencing proceedings. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Further, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." **Id**. Appellant preserved his issue in his post-sentence motion, his Pa.R.A.P. 1925(b) statement, and has provided a Pa.R.A.P. 2119(f) statement in his brief. Accordingly, the issue is

preserved. Importantly, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Id*. "[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Id*.

When considering the merits of a discretionary aspects of sentencing claim, we analyze the sentencing court's decision under an abuse of discretion standard. *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa.Super. 2013). In conducting this review, we are guided by the statutory requirements of 42 Pa.C.S. § 9781(c) and (d). *Id*. Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances. Relevant hereto is if the sentence is outside the sentencing guidelines and the sentence is unreasonable. 42 Pa.C.S. § 9781(c)(3). In addition, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Appellant's 2119(f) statement is insufficient. He does not present any argument regarding whether he presents a substantial question for

review in this portion of his brief. Instead, he provides that position in the merits portion of his brief. However, the Commonwealth has not objected. Therefore, we decline to find waiver. *See Dodge*, *supra* at 1271. Since Appellant's statement of the issue indicates that the sentencing court sentenced outside the guideline ranges, *see Commonwealth v. Felix,* 539 A.2d 371, 377 (Pa.Super. 1988), and he alleges the court considered improper sentencing factors, we find a substantial question exists. *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa.Super. 2014); *Commonwealth v. Tirado*, 876 A.2d 362, 365-366 (Pa.Super. 2005).

Appellant argues that the trial court erred by considering factors already included in the sentencing guidelines in aggravating his sentence; specifically, the age of the victim. In addition, Appellant maintains that the court focused on his duty as a parent and contends that this factor was considered as part of the separate EWOC sentence.

The Commonwealth counters that although age is a factor in the aggravated assault crime, the extremely young age of the victim herein, and the fact that since she was only four months old, she could not speak, walk, or move, supports the sentencing court's consideration of age. Indeed, the victim was not merely under thirteen, she was an infant. The sentencing court also considered that the abuse was not a singular incident, but a series of events. Further, the fact that the victim was Appellant's daughter is not part of the aggravated assault considerations for the sentencing guidelines.

The fact that the EWOC charge herein did encompass such a factor does not make aggravating a separate charge improper.

Since the court considered more than the age of the victim, and in considering the victim's age noted that she was immobile, and incapable of speaking, we find no abuse of discretion. Sentencing Appellant to an aggravated range sentence where he brutally abused his four month old daughter is not unreasonable. Accordingly, we affirm.[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2015

---

[1] We are aware that a mandatory minimum statute exists for Appellant's aggravated assault crime. 42 Pa.C.S. § 9718. Based on decisions from this Court, it appears that imposing such a mandatory is illegal. **See Commonwealth v. Wolfe**, 2014 PA Super 288; **cf. Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*). However, the sentencing court exceeded the mandatory minimum sentence; hence, the court did not sentence the defendant based on that statute, and his sentence is not illegal.

- 5 -