J-S22030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER ASENOV VITTONE | : | |
| | : | |
| Appellant | : | No. 726 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 27, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000038-2018


BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY OLSON, J.: **FILED: JUNE 8, 2020**

I respectfully dissent from the learned majority, as I would deny the petition for allowance of appeal for failure to invoke this Court's jurisdiction to review Appellant's challenge to the discretionary aspects of his sentence. Consequently, I would affirm Appellant's judgment of sentence.

In **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), our Supreme Court held that if an appellant fails to file a brief containing a Rule 2119(f) statement[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pennsylvania Rule of Appellate Procedure 2119(f) requires "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter [to] set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence." Pa.R.A.P. 2119(f). The failure to include a Rule 2119(f) statement in the brief amounts to a procedural defect.

and the opposition objects, this Court cannot ignore the procedural defect and must quash the appeal.[2] *Tuladziecki*, 522 A.2d at 19-21. Our Supreme Court further explained, in **Commonwealth v. Gambal**, 561 A.2d 710 (Pa. 1988), that if the Commonwealth does not file an objection, this Court may either enforce the procedural requirement, finding waiver of the issue for failure to file a Rule 2119(f) statement, or ignore the procedural defect, if the failure to file a Rule 2119(f) statement does not significantly hamper the Court's ability to determine whether a substantial question exists. *Gambal*, 561 A.2d at 713. In sum, if a Rule 2119(f) statement is not filed and there is no objection, this Court can: (1) deny the petition for allowance of an appeal for failure to invoke this Court's jurisdiction to review the challenge to the discretionary aspects of sentence, (2) waive the procedural defect and consider whether a substantial question exists, or (3) direct the appellant to file a supplemental Rule 2119(f) statement. **Commonwealth v. Penrod**, 578 A.2d 486, 490 (Pa. Super. 1990). Finally, when a Rule 2119(f) statement is defective and the Commonwealth objects, if the appellant files a reply brief and a motion to correct the defect, this Court should grant the appellant's

---

[2] In prior appeals challenging discretionary aspects of sentence, this Court has interchangeably referred to its disposition as "quashal," "dismissal," or "denial of the petition for allowance of appeal challenging discretionary aspects of sentence." **See Commonwealth v Felix**, 539 A.2d 371, 376 (Pa. Super. 1988), *appeal denied*, 539 A.2d 371 (Pa. 1990). I believe that the correct disposition is to "deny the petition for allowance of appeal challenging the discretionary aspects of sentence" because it most closely tracks the legislative intent to permit review of discretionary sentencing challenges only when certain procedural prerequisites have been met. **See** 42 Pa.C.S.A. § 9781(b); **see also Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004).

motion to correct the defect rather than deny the allowance of appeal on the basis of the procedural defect. **Commonwealth v. Mastromarino**, 2 A.3d 581, 586 n.4. (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

In the instant case, I concur with the learned majority that "Appellant failed to include a Rule 2119(f) statement in his brief, and the Commonwealth []objected." Majority Memorandum at *4 (citation omitted). At this point, however, I depart from the learned majority.

Given Appellant's undisputed omission of a Rule 2119(f) statement and the Commonwealth's objection thereto, prior case law compels this Court to find that Appellant failed to invoke the jurisdiction of this Court in his discretionary appeal due to the procedural defect in his brief. This defect, coupled with the Commonwealth's objection to the same, precludes a merits review of Appellant's issue.[3] Therefore, Appellant waived his challenge to the discretionary aspect of his sentence for failure to invoke this Court's jurisdiction. Consequently, I would deny the petition for allowance of appeal for failure to invoke this Court's jurisdiction to review Appellant's challenge to the discretionary aspects of his sentence.

Moreover, I respectfully disagree with the learned majority's analysis and conclusion that our Supreme Court's decision in **Commonwealth v. Rosado**,

---

[3] If Appellant filed a reply brief containing a Rule 2119(f) statement and a motion to amend his brief, subsequent to the Commonwealth's objection, this Court could have granted Appellant the opportunity to amend his brief to include a Rule 2119(f) statement and, subsequently, proceeded to determine whether a substantial question was raised.

150 A.3d 425 (Pa. 2016) compels this Court to hold that counsel's failure to file the Rule 2119(f) statement constitutes *per se* ineffectiveness in the context of the instant discretionary appeal.

Our Supreme Court in **Rosado** held that the filing of a brief that abandoned all preserved issues and set forth only unpreserved issues is the equivalent of failing to file a direct appeal or petition for allowance of appeal and, therefore, must be deemed *per se* ineffectiveness when considered **in the context of a PCRA petition**. **Rosado**, 150 A.3d at 434 (emphasis added). The **Rosado** Court's decision addressed whether, under the circumstances of that case, Rosado, upon filing a PCRA petition, was required to meet the more arduous three-prong **Strickland**/**Pierce** test[4] to prove ineffective assistance of counsel or whether, pursuant to **Cronic**,[5] counsel's actions justified a presumption of prejudice and established *per se* ineffectiveness. **Rosado**, 150 A.3d at 428-434. "Errors which completely foreclose appellate review amount

---

[4] **Strickland v. Washington**, 466 U.S. 668 (1984) and **Commonwealth v. Pierce**, 527 A.2d 976 (Pa. 1987). "The petitioner must establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error." **Commonwealth v. Lesko**, 15 A.3d 345, 373-374 (Pa. 2011), *citing* **Pierce**, 527 A.2d at 975.

[5] **United States v. Cronic**, 466 U.S. 648 (1984). "In **Cronic**, the high Court recognized that '[t]here are ... circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified,' and that in such circumstances, there is a presumption of prejudice." **Commonwealth v. Diaz**, 2020 WL 1479846, at *1 n.1 (Pa. March 26, 2020) (slip opinion).

to a constructive denial of counsel and[,] thus[,] ineffective assistance of counsel *per se*, whereas those which only partially foreclose such review are subject to the ordinary **Strickland**/**Pierce** framework." **Rosado**, 150 A.3d at 438-439.

The filing of a brief that is defective, in some part, is not *per se* ineffectiveness if the defect does not preclude a merits review, or preclude a merits review, in the alternative, following a finding of waiver that results from the defect. **Commonwealth v. Reed**, 971 A.2d 1216, 1226 (Pa. 2009); **see also Commonwealth v. Fink**, 24 A.3d 426, 433-434 (Pa. Super. 2011). In **Fink**, this Court held that if the defect in the brief causes waiver of appellant's sole issue and precludes the reviewing panel from conducting an alternative merits review on direct appeal, counsel's actions or inactions in filing the defective brief amount to *per se* ineffectiveness. **Fink**, 24 A.3d at 433-434. Under these circumstances, the **Fink** Court held, appellant would be eligible **for PCRA relief** and entitled to reinstatement of his direct appeal rights with the assistance of new counsel. **Id.** at 434 (emphasis added). By the same token, if the reviewing panel is able to conduct a merits review, even in the alternative, despite the defect in the brief, then counsel is not *per se* ineffective, and Appellant must establish prejudice, pursuant to the **Strickland**/**Pierce** framework, in a subsequent PCRA ineffectiveness claim. **Id.**

Here, counsel's defective brief, coupled with the Commonwealth's objection, bars review of Appellant's discretionary sentencing challenge -- his sole issue on direct appeal. Notwithstanding, counsel's omission did not

preclude the filing of a reply brief containing a Rule 2119(f) statement together with a motion to amend. If this course were followed, this Court could have granted Appellant the opportunity to amend his defective brief to include the required Rule 2119(f) statement and, subsequently, proceeded to determine whether Appellant raised a substantial question (and, if so, addressed the merits of his discretionary sentencing challenge). Moreover, absent the Commonwealth's objection, this Court could have waived compliance with the appellate rules and proceeded to determine whether Appellant raised a substantial question.

Thus, counsel's omission, by itself, neither completely foreclosed appellate review nor amounted to a constructive denial of counsel. Since counsel's failure to file a Rule 2119(f) statement only partially foreclosed appellate review, any related ineffective assistance of counsel claim would be subject to the ordinary **Strickland**/**Pierce** framework and would not constitute *per se* ineffective assistance of counsel. **See Rosado**, 150 A.3d at 438-439. As we are without jurisdiction to address Appellant's discretionary sentencing challenge, I am reluctant to convert Appellant's claim into a pseudo-petition for collateral relief and effectively reinstate Appellant's direct appeal rights over the Commonwealth's objection to a procedural defect. Consideration of counsel's ineffectiveness in the context of his discretionary appeal is premature and more properly reserved for a subsequent collateral proceeding.

Accordingly, I dissent.