J. S26021/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
DANIEL J. COULTER, JR. :
APPELLANT :
:
: No. 1599 MDA 2016

Appeal from the Judgment of Sentence August 25, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003126-2006

BEFORE: BOWES, J., DUBOW, J., and FITZGERALD, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED MAY 18, 2017**

Appellant seeks review of the Judgment of Sentence imposed after he

pled guilty to two charges of Driving While Under the Influence ("DUI") and

Driving with a Suspended License.[1]  Appellant's counsel has filed an ***Anders***[2]

Brief and a Petition to Withdraw.  We affirm the Judgment of Sentence, and

grant counsel's Petition to Withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant filed his appeal from the August 4, 2016 Order denying his Motion for Reconsideration.  In the criminal context, an appeal properly lies from the Judgment of Sentence, not an order denying post-sentence motions.  ***Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*).  The caption, thus, reflects that this Appeal is from the August 25, 2015 Judgment of Sentence.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

Appellant entered an open guilty plea on October 29, 2007, to Driving Under the Influence – General impairment, Driving Under the Influence – Highest rate of alcohol, and Driving While BAC .02 or Greater While License Suspended.[3] The court scheduled sentencing for January 22, 2008, but Appellant failed to appear and the court issued a bench warrant. Eight years later, Appellant was arrested on the outstanding bench warrant.

On August 25, 2015, the court sentenced Appellant as a second DUI offender with a prior record score of a repeat felony offender ("RFEL") to, *inter alia*, an aggregate term of incarceration of 24 to 48 months. Appellant filed a timely Petition pursuant to the Post Conviction Relief Act ("PCRA") seeking reinstatement of his post-sentence rights. The court appointed counsel, subsequently held a hearing on Appellant's Motion for Reconsideration of his sentence, and denied the Motion on August 4, 2016. However, the court amended Appellant's sentence to reflect that he is eligible to apply for work release.

On September 13, 2016, the court reinstated Appellant's appeal rights *nunc pro tunc* and he filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Counsel raised the following issue on Appellant's behalf in the **Anders** brief:

---

[3] 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 3802(c), and 75 Pa.C.S. § 1543(b)(1.1)(i), respectively.

J. S26021/17

Whether the trial court abused its discretion in sentencing the Defendant as a repeat felony offender based on an incorrect prior record score?

*Anders* Brief at 3.

Appellant filed a *pro se* response to the **Anders** Brief, in which he asserts, for the first time, that the court miscalculated his prior record score because it took into account his pre-1988 felony convictions. He avers, without citation to supporting authority, that those convictions should not have been considered because the sentencing guidelines were not effective until 1988.[4] **See** Response to Counsel's Petition [to] Withdraw and **Anders** Brief, filed 3/13/17, at 3 (unpaginated).

## *Anders* **Brief**

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super.

---

[4] "The initial sentencing guidelines went into effect on July 22, 1982 and applied to all crimes committed on or after that date. Amendments to the guidelines went into effect in June 1983, January 1986 and June 1986. On October 7, 1987 the Pennsylvania Supreme Court invalidated the guidelines due to a procedural error that occurred in 1981 when the legislature rejected the first set of guidelines. New guidelines were drafted and became effective on April 25, 1988. Amendments to the guidelines went into effect August 9, 1991 and December 20, 1991. Revised sets of guidelines became effective August 12, 1994, June 13, 1997, June 3, 2005, December 5, 2008, and December 28, 2012. Amendments to the guidelines went into effect September 27, 2013, and September 26, 2014[,]" and September 25, 2015. 204 Pa. Code 303.1(c)(2). The legislature is considering proposed changes which will go into effect in 2018. **See** 2017 PA REG TEXT 454356 (NS).

2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to **Anders***,* our Supreme Court has determined that counsel must meet certain requirements, including:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago***,* 978 A.2d 349, 361 (Pa. 2009).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client:

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v.**

- 4 -

*Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quotation marks and citation omitted). Further, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's *Anders* Brief substantially complies with the requirements of *Santiago*, and counsel has complied with the requirements set forth in *Millisock*. As a result, we proceed to our independent review to ascertain if the appeal is indeed wholly frivolous.

## Sentencing Challenge

An averment that the court misapplied the sentencing guidelines presents a challenge to the discretionary aspects of sentencing for which there is no automatic right to appeal. *Commonwealth v. Marts*, 889 A.2d 608, 611 (Pa. Super. 2005). This appeal is, therefore, more appropriately considered a petition for allowance of appeal. 42 Pa.C.S. § 9781(b).

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. section 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007) (citation omitted).

At the hearing on Appellant's post-sentence motion, Appellant's counsel acknowledged that the instant DUI was his second DUI offense within the last 10 years, and also informed the court that Appellant "admit[s] that he does have previous offenses but they were almost 20 years ago, and his felony convictions which made him a RFEL originally in this case are approximately, I believe, about 35 years in the past." N.T. Hearing, 7/28/16, at 3. Later, the court informed Appellant that it had sentenced him in the "low end of the standard range" and that the "basis for that was a prior record of a RFEL." *Id*. at 5. Neither Appellant nor his counsel objected to the imposition of RFEL status. Rather, counsel's argument was more in the nature of asking the court to have mercy because the previous crimes occurred when Appellant was a younger man. Arguably, counsel's request did not preserve the issue as presented in this appeal and, thus, Appellant has not met the second prong of the four-prong test set forth in *Cook*, *supra*.[5]

Notwithstanding the above observation, we are mindful that "**Anders** *requires* that … in order to rule upon counsel's request to withdraw, we must

---

[5] We also note that neither counsel nor Appellant submitted a separate statement pursuant to Pa.R.A.P. 2119(f). However, the Commonwealth has not objected and we, thus, decline to find waiver. **See Commonwealth v. Stewart**, 867 A.2d 589 (Pa. Super. 2005) (declining to find waiver of sentencing claim due to lack of Pa.R.A.P. 2119(f) statement where Commonwealth did not object); **Commonwealth v. Felix**, 539 A.2d 371, 376-77(Pa. Super. 1988) (court may look to both Pa.R.A.P. 2119(f) statement and statement of questions presented to determine if substantial questions are raised).

examine the merits of the issue Appellant seeks to raise." ***Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa. Super. 2001) (emphasis in original). We, thus, continue our review.

A claim that the sentencing court misapplied the Guidelines presents a substantial question. ***Commonwealth v. Archer***, 722 A.2d 203, 211 (Pa. Super. 1998).

> The standard of appellate review of discretionary aspects of sentencing is an abuse of discretion. Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where *the law is not applied* or where the record shows that the action is a result of partiality, prejudice, bias or ill will. The improper utilization of the Sentencing Guidelines is an error of law, which is a legal question, but does not render the sentence illegal.

***Id***. (quotation marks and internal citations omitted).

In addition, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." ***Commonwealth v. Macias***, 968 A.2d 773, 776-77 (Pa. Super. 2009).

Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c). In addition, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

A second DUI offense is considered a first-degree misdemeanor for which the maximum sentence is 5 years' incarceration. 75 Pa.C.S. § 3803(b)(4); 18 Pa.C.S. § 1104(1). Appellant's sentence of 24 to 48 months falls within the statutory sentence provided by Section 1104.

The sentencing guidelines provide that the offense gravity score for a person with more than one prior DUI who is guilty of a second Section 3802(c) DUI violation is 5. 204 Pa.Code § 303.15. In calculating a prior record score, an offender with prior felony 1 or felony 2 convictions is placed in the RFEL category, provided the previous convictions total 6 or more in the prior record. 204 Pa.Code § 303.4(a)(2).

Although the DUI statute provides that a court may "look back" only ten years in determining whether there are prior DUI convictions for purposes of sentencing on a current offense, *see* 75 Pa.C.S. § 3806(b), "[n]either the Sentencing Code nor the sentencing guidelines place any time limits on [other] offenses to be included in the prior record score, as such

criminal history is relevant to sentencing." **Cook**, **supra** at 12. . **See** 42 Pa.C.S. § 2154(a)(2).[6] Thus, contrary to Appellant's contention, the dates of his prior felony and misdemeanor convictions are not relevant to his status as a RFEL.

Here, in addition to Appellant's 2001 DUI, which was considered by the court to be a first DUI for purposes of sentencing on the instant 2007 offense, Appellant had the following three prior felony offenses: Burglary (F1), Burglary (F2); and criminal trespass (F2). He also had numerous prior misdemeanor convictions: Disorderly Conduct (M3); three DUI's from 1989 (each graded misdemeanors), and an Indecent Assault conviction (M2). According to 204 Pa.Code § 303.7(1),(2), (3), and (5), Appellant's prior record score is 10. It is clear that Appellant falls within the category of a RFEL.

The standard range for a RFEL on a crime with an offense gravity score of 5 is 24 to 36 months. After considering the PSI and Appellant's RFEL

---

[6] 42 Pa.C.S. § 2154 provides that the sentencing guidelines shall address, *inter alia*, "[c]riminal history, by specifying a range of sentences of increased severity for offenders **previously convicted** of or adjudicated delinquent for one or more misdemeanor or felony offenses committed prior to the current offense." 42 Pa.C.S. § 2154(a) (emphasis added). "Previously convicted of or adjudicated delinquent" is defined as "[a]ny finding of guilt or adjudication of delinquency, whether or not sentence has been imposed or disposition ordered prior to the commission of the current offense." 42 Pa.C.S. § 2154(b).

status, the court sentenced Appellant to an aggregate of 24 to 48 months for the three offenses. *See* N.T. Sentencing, 9/25/15, at 4.

We conclude, therefore, that the trial court properly exercised its discretion in sentencing Appellant. There is, thus, no merit to Appellant's sentencing challenge.

In addition, we have conducted an independent review as required by *Flowers*, *supra*, and conclude that there are no non-frivolous issues to be raised on appeal. We, thus, grant counsel's Petition to Withdraw.

Judgment of Sentence Affirmed. Petition to Withdraw Granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2017