J-S75033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JEROME IRBY, JR. | : | |
| | : | |
| Appellant | : | No. 1020 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 31, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000718-2016

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED FEBRUARY 7, 2020**

Michael Jerome Irby, Jr. (Irby) appeals the judgment of sentence entered on January 31, 2019, by the Clearfield County Court of Common Pleas (sentencing court) following a guilty plea to robbery and terroristic threats. Because Irby was sentenced on the robbery count based in part on a fact outside the purview of the plea – possession of a firearm – the judgment of sentence must be vacated and the case remanded for resentencing as to that conviction. Moreover, on remand, Irby may only be sentenced on the robbery conviction because, under the present facts, the crime merges with the offense of terroristic threats.

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

In 2017, Irby entered into an agreement with the Commonwealth to plead guilty to one count each of robbery (18 Pa.C.S. § 3701(a)(1)(iv)) and terroristic threats (18 Pa.C.S. § 2706(a)(1)). The plea agreement included a stipulation that no mandatory minimum term for possession of a firearm would apply. In exchange for the plea, the Commonwealth agreed not to proceed on several related charges. The robbery count was also reduced from a first-degree to a second-degree felony. The plea agreement did not guarantee that Irby would receive any particular sentence.

At the plea colloquy just prior to Irby's original sentencing, Irby admitted to the facts underlying the counts of robbery and terroristic threats. **See** Sentencing Hearing, 7/18/2017, at 7-9. The sentencing court recognized that Irby could not receive a mandatory minimum term based on the possession of a firearm because a jury had never made a factual finding to that effect. **See id**. at 14. The sentencing court also noted that Irby's sentencing guidelines score totaled only a minimum of six to 16 months because his criminal history of minor summary offenses did not "amount to a hill of beans." **Id**.

However, the sentencing court advised Irby that he deserved the upper limit of that range in part because "the Commonwealth is alleging that you were the principal in regard to the robbery and that you were the one that had a handgun, not [the co-defendant]." Sentencing Hearing, 7/18/2017, at 13. In response, Irby denied that he possessed a weapon during the commission of that offense, explaining that he "didn't plead to a charge that constitutes a

handgun." *Id*. at 13.[1] Irby also stressed that the specific robbery offense he pled guilty to is a second-degree felony that only requires the infliction or threat of "bodily injury." *Id*.[2] The Commonwealth had agreed to reduce its original charge of robbery with the threat of "serious bodily injury," a crime punishable as a first-degree felony under the robbery statute. *Id*.[3]

The sentencing court imposed prison terms of 16 months to five years as to the robbery count and one to two years as to the count of terroristic threats.[4] These two terms were set to run concurrently. Irby timely appealed, and this Court vacated the judgment of sentence as to the robbery count because the trial court had mistakenly believed that the standard guideline range was six to 16 months when it was actually six to 14 months, resulting in an aggravated sentence. *See Commonwealth v. Irby*, No. 1306 WDA 2017 (Pa. Super. September 7, 2018) (unpublished memorandum). The judgment of sentence

_____

[1] The victim of the two offenses appeared at the sentencing hearing to testify, but the sentencing court dispensed with his testimony. *See* Sentencing Hearing, 7/18/2017, at 13. When Irby again protested the consideration of a firearm at the conclusion of the sentencing, the sentencing court simply responded, "It is what it is." *Id*. at 16.

[2] *See* 18 Pa.C.S. § 3701(a)-(b).

[3] *See id*. at § 3701(a)(1)(i)-(ii).

[4] At the hearing on Irby's motion for reconsideration of the sentence, the sentencing court stated, "[y]ou can't ignore the fact that he came in the guy's place with a handgun and used it to rob the guy." Motion for Reconsideration Hearing, 8/8/2017, at 4-5.

was affirmed in all other respects as this Court found that the overall sentencing scheme had not been disturbed. *Id*.

On remand, Irby was resentenced on the robbery count to a term of 14 months to five years. As with the original sentence, the term imposed for the robbery count was made concurrent to the term imposed for the count of terroristic threats. Once again, the sentencing court disregarded Irby's claim that he never admitted to possession of a firearm, making it clear that the sentence was warranted because "robbing somebody with a handgun is nothing to sneeze at." Sentencing Hearing, 1/25/2019, at 5.

Irby filed a post-sentence motion, a motion for reconsideration of the sentence, and a motion for the recusal of the presiding judge. Those motions were denied. Irby filed a timely appeal, and both Irby and the sentencing court complied with Pa.R.A.P. 1925.

Addressing the firearm issue, the sentencing court referred in its opinion to evidence of Irby's possession of a gun, namely, the criminal complaint and the affidavit of probable cause. *See* 1925(a) Opinion, 7/26/2019, at 3. The sentencing court also noted that Irby admitted to that fact by answering "yes" when asked on the written plea colloquy whether he understood and accepted the factual basis for the charges. *Id*.

Irby now challenges the resentencing on several grounds which we rephrase as follows:

- Whether the sentencing court improperly considered as a record fact that Irby possessed a firearm during the robbery;

- Whether the sentencing court failed to consider statutory sentencing factors, including Irby's character, his rehabilitative needs, and the protection of the public;

- Whether the sentences on the two counts were illegal because the offenses of robbery and terroristic threats merge; and

- Whether the presiding judge in the sentencing court erred in declining to recuse himself.

*See* Appellant's Brief, at 7-8.

## II.

In Irby's first ground, he claims that the sentencing court considered the use of a firearm despite the fact that the terms of his plea precluded a finding of fact to that effect, making the sentence unlawful.[5] We agree and, therefore, vacate the judgment of sentence as to the robbery conviction.[6]

---

[5] Irby made a similar but distinct argument in a previous appeal, claiming that "the trial court impermissibly relied on the fact that he utilized a gun in the robbery in fashioning a sentence in the aggravated range." *Commonwealth v. Irby*, No. 1306 WDA 2017 (Pa. Super. September 7, 2018) (unpublished memorandum). This Court rejected that claim in reasoning that since possession of a weapon was not an element of the crimes he pled to, the use of a weapon could be a valid statutory "factor in aggravating Irby's sentence." *Id*. The present ground and the applicable legal authorities are different because the separate issue we now consider is whether, as a factual matter, the terms of Irby's negotiated plea precluded the sentencing court's finding that a firearm was used during the robbery. Moreover, unlike in that previous appeal, the issue does not involve whether the possession of a weapon is a valid aggravating factor because Irby did not receive an aggravated sentence at his resentencing.

[6] Since Irby asserts that the sentencing court misapplied the law, the following standard of review applies:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject

"It is fundamental to due process that an accused may not be convicted on the basis of anything not admitted in the evidence." ***Commonwealth v. Taylor***, 500 A.2d 110, 116 (Pa. Super. 1985), ***aff'd***, 531 A.2d 1111 (Pa. 1987). In the context of a plea, evidence of possession of a weapon cannot be used against a defendant where that fact has been excluded from the negotiated terms of a plea agreement:

> The colloquy also established the parameters which bound the court when imposing sentence. [The defendant] agreed with the Commonwealth that in exchange for the Commonwealth's dismissal of the charges of robbery and terroristic threats, [the defendant] would plead guilty to counts of receiving stolen property, unlawful restraint and aggravated assault. This conclusively, in addition to the colloquy, limited the Commonwealth's use of weapons evidence in sentencing.
>
> . . . .
>
> **This Court believes the Commonwealth is bound by the record on the plea as to what the defendant admitted in exchange for the plea of guilty**. Thus, the record neither establishes there was a weapon involved in the assault and battery, nor that one was possessed by the defendant at the time of the other offenses to which he tendered a plea of guilty.

***Id***. at 116-17 (emphasis added).

---

> to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Leverette***, 911 A.2d 998, 1001-02 (Pa. Super. 2006) (citations omitted).

Here, Irby pled guilty to two charges, robbery and terroristic threats. In the robbery count, the Commonwealth had alleged at the outset that Irby "[d]id, during the course of committing a theft, inflict serious bodily injury upon another, threaten another with or intentionally put him in fear of immediate serious bodily injury." The Commonwealth then agreed, as part of the plea negotiations, to reduce the robbery charge from a first-degree felony to a second-degree felony, diminishing the allegation from one of infliction or threat of "serious bodily injury" to the mere threat of "bodily injury." **See** 18 Pa.C.S. § 3701(b) (grading felony offenses in part based on this distinction).

When Irby entered a negotiated plea agreement to the reduced charge of robbery with a threat of "bodily injury," he reasonably understood that he was not admitting to the use of a firearm and that the allegations had been modified accordingly.[7] The Commonwealth did not contradict Irby at his plea colloquy, where he stressed that he had not admitted to possessing a weapon. Nor did the Commonwealth present evidence at either of the sentencing hearings that Irby used a firearm during the commission of the subject robbery.[8] Nevertheless, the sentencing court considered Irby's possession of a weapon during the robbery as an admitted fact and a relevant sentencing factor.

---

[7] In the terroristic threats count, the Commonwealth alleged that Irby "[d]id communicate, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another."

[8] The Commonwealth did not file a brief in the present appeal.

- 7 -

As mandated by *Taylor*, the sentencing court in this case was bound by the record on the plea as to what Irby admitted to in exchange for the plea of guilty to robbery. The sentencing court misapplied the law in ruling that Irby's plea included an admission to possession of a weapon during the robbery and, as a result, Irby must be resentenced as to that offense. *See Commonwealth v. Krum*, 533 A.2d 134, 135 (Pa. Super. 1987) ("If a sentencing court considers improper factors in imposing sentence upon a defendant, the court thereby abuses its discretion[.]").

## III.

Irby next argues that he received an excessive sentence which was imposed without consideration of statutorily required sentencing factors.[9] As set forth above, Irby is entitled to resentencing on the robbery conviction and his sentence on the conviction of terroristic threats has already been fully served. Accordingly, there is no need for this Court to address the excessive sentence claim.

_____

[9] This claim is reviewed under an abuse of discretion standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citations omitted).

On the issue of recusal, we note that Irby did not assert the claim at either of his sentencings. He only sought the recusal of the presiding judge in the sentencing court after the resentencing had concluded, making the claim untimely. **See e.g.**, **Goodheart v. Casey**, 565 A.2d 757, 763 (Pa. 1989) ("[A] party seeking recusal or disqualification [is required] to raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred."). Regardless, an improper denial of recusal would only entitle Irby to another resentencing, and he is already due such relief by virtue of the meritorious ground discussed in Part II above.

Finally, Irby argues that he received an illegal sentence as to the offense of terroristic threats because, for the purposes of the merger statute, 42 Pa.C.S. § 9765,[10] that crime merges into his robbery conviction, the higher graded offense. The sentencing court conceded this point in its 1925(a) opinion, but reasoned that any error was harmless because the two sentences were made concurrent. **See** Trial Court Opinion, 7/26/2019, at 3-4. The sentencing court also found that the claim was unpreserved because it was not raised until after he filed his notice of appeal. **Id**.

The standard of review as to this claim is *de novo* because it involves a pure question of law. **See Commonwealth v. Martinez**, 153 A.3d 1025, 1030

---

[10] The statute provides that crimes must merge for sentencing purposes when they "arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S. § 9765.

(Pa. Super. 2016). We find that the sentencing court ruled correctly that the subject offenses merge. *See id*. at 1029-33 (holding that the offenses of robbery and terroristic threats merge for sentencing purposes if committed in the same criminal episode). As to preservation and harm, though, the sentencing court erred.

A claim concerning the legality of a sentence is non-waivable and may be raised for the first time on appeal. *See id*. at 1030 n.2. Moreover, "[i]mpermissible multiple punishment can take the form of consecutive sentences or, as here, concurrent sentences." *Commonwealth v. Crissman*, 195 A.3d 588, 591 (Pa. Super. 2018) (quoting *Commonwealth v. Houtz*, 437 A.2d 385, 386 (Pa. 1981)). Since this meritorious issue was not waived and the error was not harmless, the judgment of sentence as to the terroristic threats conviction must be vacated. On remand, Irby's two convictions must merge, and he may only be resentenced on the robbery count.

Convictions affirmed. Judgment of sentence vacated in part and affirmed in part. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/7/2020

- 10 -