J-S53021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.S. | : | |
| | : | |
| Appellant | : | No. 3587 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 1, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000254-2019

BEFORE: SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED: JANUARY 4, 2021**

T.S. appeals from the judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County, after he entered an open guilty plea to endangering the welfare of a child ("EWOC"),[1] simple assault,[2] recklessly endangering another person ("REAP"),[3] aggravated assault of a victim under thirteen,[4] and aggravated assault of a victim under six.[5] Upon careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4304(a)(1).

[2] 18 Pa.C.S.A. § 2701(a).

[3] 18 Pa.C.S.A. § 2705.

[4] 18 Pa.C.S.A. § 2702(a)(9).

[5] 18 Pa.C.S.A. § 2702(a)(8).

The following factual basis for T.S.'s plea was recited by the Commonwealth at the guilty plea hearing on May 16, 2019:

> [DISTRICT ATTORNEY]: Your Honor, on September 24, 2018, [T.S.] had exclusive custody of his child, [C.S.], date of birth 12-25-16.
>
> The next morning the mother of the child was changing [C.S.'s] diaper when she noticed a bruise on him. He went to day care that day.
>
> While at day care[,] the worker who was there discovered more injuries to the child, including bad bruising on his buttocks as well [as] his side, and there was a bruise on his face as well.
>
> When [T.S.] was confronted about this, he said that he had to correct him. The doctors at CHOP where the child was admitted for a few days determine[d] that this was not accidental trauma.

N.T. Guilty Plea Hearing, 5/16/19, at 5.

On August 1, 2019, the trial court sentenced T.S. to an aggregate term of 7½ to 15 years' incarceration, plus five years of probation.[6] On August 6, 2019, T.S. filed a motion for reconsideration of his sentence, which was denied by operation of law on December 6, 2019. T.S. filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

T.S. raises the following issue for our review:

_____

[6] Specifically, the court imposed the following periods of confinement: for aggravated assault of a victim under 13, 7 ½ to 15 years' incarceration, followed by 5 years of probation; for EWOC, 5 to 10 years' incarceration; and for aggravated assault of a victim under six, 5 to 10 years' incarceration. T.S. received no further penalty on the remaining convictions and all sentences were ordered to run concurrently.

> Whether the sentencing court abused its discretion by entering manifestly excessive and clearly unreasonable sentences, where the sentences violated the sentencing guidelines, where the trial court overly focused on the offenses and ignored [T.S.'s] mitigating circumstances, [and] where the sentences greatly exceeded the sentencing guidelines?

Brief of Appellant, at 8.

T.S.'s claim raises a challenge to the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. **Commonwealth v. Swope**, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raising a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Swope**, 123 A.3d at 337.

Here, T.S. filed a post-sentence motion for reconsideration of his sentence, followed by a timely notice of appeal to this Court. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Rule 2119(f). Accordingly, we must now determine whether T.S. has raised a substantial question that his sentence is not appropriate under the Sentencing Code.

In his Rule 2119(f) statement, T.S. asserts that "[i]n this case, the sentence imposed upon [him] was manifestly excessive and clearly unreasonable. Additionally[,] the [C]ommonwealth['s] recommendation was for only two (2) years['] incarceration. Upon instruction[,] the trial court did not mention the [presentence investigation report] at sentencing." Brief of Appellant, at 11. Standing alone, T.S.'s Rule 2119(f) statement fails to raise a substantial question. *See Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012) ("[A] bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim."); *Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa. Super. 2002) (same).

However, when read in conjunction with his statement of the questions involved, *see Commonwealth v. Felix*, 539 A.2d 371, 377 (Pa. Super. 1988) (court may look to both Pa.R.A.P. 2119(f) statement and statement of questions presented to determine if substantial questions are raised), we conclude that T.S. raises a substantial question for our review. Specifically, a claim that a court imposed a sentence outside the guidelines while failing to consider mitigating circumstances has been found to raise a substantial question. *See Swope*, *supra* (holding claim of excessiveness coupled with claim trial court failed to consider rehabilitative needs and mitigating factors presents substantial question); *Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa. Super. 2014) (same). T.S. having properly invoked our jurisdiction, we may proceed to review his claim.

We begin by noting our standard of review in sentencing matters:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014).

Deference is accorded to the trial court's pronouncement of sentence because the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. ***Commonwealth v. Ward***, 568 A.2d 1242, 1243 (Pa. 1990). "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006). Furthermore, "[a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." ***Commonwealth v. Stewart***, 867 A.2d 589, 593 (Pa. Super. 2005) (citation omitted). The sentencing court must, however, consider the sentencing guidelines. ***See Fullin***, 892 A.2d at 847. Finally, where the court is in possession of a presentence report ("PSI"), we "presume that the sentencing judge was aware of relevant information regarding the

defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020), quoting ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

Here, the argument section of T.S.'s brief consists, in its entirety, of the following:

> When fashioning a sentence, a court is required to consider "the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. McClendon***, 589 A.2d 706, 712–13 (Pa. Super, 1991) (en banc) (quoting ***Commonwealth v. Frazier***, 500 A.2d 158, 159 (Pa. Super. 1985)). "In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation." ***Id.***
>
> Therefore, the imposed sentence was an abuse of discretion, because it was overly focused on the offense. Mr. Stewart's sentence should and must be vacated and the matter remanded for a new sentencing hearing.

Brief of Appellant, at 12.

T.S.'s counseled brief is woefully inadequate.[7] The argument portion of the brief—consisting of a mere four sentences—is utterly undeveloped and

---

[7] In light of the deficiency of T.S.'s counseled brief, we feel compelled to note that counsel requested—and received—three extensions of time within which to file his client's brief in this matter, which was originally due to be submitted on March 23, 2020. In his first request, filed on March 16, 2020, counsel averred that, given his "previously arranged trial schedule, (41) days in [*sic*] an inadequate amount of time for him to prepare a legally a legally sound brief and zealously represent his client." Application for Extension, 3/16/20, at ¶ 3. We granted counsel's request and ordered the brief to be filed by May 25, 2020. ***See*** Order, 3/16/20. In his second request, filed one day after this

unsupported by citation to relevant legal authority. T.S. fails to provide support from the record for his bald assertion that the sentencing court was "overly focused on the offense." Moreover, the argument section of T.S.'s brief fails to even mention the assertions raised in his Rule 2119(f) statement and statement of the questions involved regarding the excessiveness of his sentence and the court's failure to consider mitigating circumstances—the very claims forming the basis of our grant of allowance of appeal. It is not this Court's responsibility to comb through the record in search of the factual underpinnings of an appellant's claim, nor will we act as co-counsel and develop arguments on his behalf. *Samuel*, 102 A.3d at 1005. Rather, it was T.S.'s responsibility to provide an adequately developed argument by

---

Court's extended deadline for filing T.S.'s brief, counsel wrote that "Covid-19 rages on" and, therefore, the initial extension provided "an inadequate amount of time for him to prepare a legally sound brief and zealously represent his client." Second Application for Extension, 5/26/20, at ¶¶ 2-3. This Court again granted counsel's request, ordered the brief to be filed by June 24, 2020, and stated that no further continuances would be granted. *See* Order, 5/27/20. Nevertheless, on June 17, 2020, counsel filed yet another request for an extension, this time citing the stay-at-home order issued by Pennsylvania Governor Tom Wolf, as well as the rioting that occurred in the aftermath of the death of George Floyd at the hands of Minneapolis police. *See* Third Application For Extension, 6/17/20. Counsel averred that these circumstances had resulted in his having "limited access to the research materials needed to research and draft the Appellant's [b]rief." *Id.* at ¶ 2. We again granted a thirty-day extension and informed counsel that no further extensions would be granted. *See* Order, 6/25/20. Despite receiving these extensions which, together, granted him nearly four additional months to research and draft a "legally sound brief," *see* Second Application for Extension, *supra*, counsel inexplicably saw fit to submit a document that can only be described as utterly lacking in substance and deficient in all material aspects.

identifying the factual bases of his claim and providing citation to, and discussion of, relevant authority in relation to those facts. **See** Pa.R.A.P. 2119. Because he has failed to do so, we find his claim waived. **See Samuel**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/21