J-S09002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN MATTHEW DAVIS | : | |
| | : | |
| Appellant | : | No. 3045 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 4, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006346-2023

BEFORE: LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                **FILED AUGUST 12, 2025**

Steven Matthew Davis appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, after a jury convicted him of aggravated assault,[1] simple assault,[2] and recklessly endangering another person (REAP).[3]  After careful review, we affirm.

The trial court set forth the relevant facts as follows:

On September 7, 2023, [the victim,] Benjamin Hines[,] heard a knock on the door of his apartment.  Hines opened the front door about a third of the way and looked out to see who was knocking. Hines saw Davis, his neighbor [in the] apartment [directly below his], outside the door yelling at him.  Davis screamed profanities at Hines and attempted to step inside the doorway.  Davis had

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(4).

[2] *Id.* § 2701(a)(1).

[3] *Id.* § 2705.

concealed behind him in his right arm a "couple-foot-long cylindrical metal object." N.T. Trial, 7/1/24, at 34.[4]  Davis swung the object and struck Hines in the head.  After being struck, Hines put his hands on his head and saw that they were covered with blood.  Hines was able to close the door and immediately called his wife and then 9-1-1.  Hines heard Davis continue to throw himself [at] the door and throw objects at it.  Hines received medical treatment following the incident.

Trial Court Opinion, 11/21/24, at 2-3 (cleaned up).

On July 1, 2024, a jury convicted Davis of the above-stated offenses. The court deferred sentencing for a presentence investigation (PSI) report and a pre-plea investigation (PPI) evaluation.  The trial court sentenced Davis to 33 to 66 months' incarceration for aggravated assault and a consecutive term of imprisonment of 7 to 14 months' incarceration for REAP, for an aggregate sentence of 40 to 80 months of incarceration.[5]  Davis was also ordered to pay $13,053.21 in restitution.  *See* 18 Pa.C.S.A. § 1106(a).  On September 12, 2024, Davis filed a timely motion for reconsideration of sentence requesting an arrest of judgment and/or a new trial on the grounds that the verdict was against the weight of the evidence.  Davis also requested a new sentencing

---

[4] This description is taken from Hines' trial testimony.  Because the object was never recovered, it is unknown exactly what implement Davis used on Hines. *See* N.T. Trial, 7/1/24, at 17.

[5] Davis was charged with aggravated assault (bodily injury with a deadly weapon (F-2)), simple assault, possession of an instrument of crime (PIC), REAP, and the summary offense of harassment, 18 Pa.C.S.A. § 2709(a)(1). The simple assault charge was deemed to have merged with the aggravated assault conviction for sentencing purposes.  Davis was acquitted of PIC.  The parties proceeded to a bench trial on the summary harassment charge, where the trial court found Davis guilty.

hearing to impose a sentence that adequately considered his difficult childhood, mental health, and drug addiction. The trial court denied the motion on September 16, 2024.

Davis filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained on appeal.[6] Davis raises the following issues for our consideration:

(1) Whether [Davis'] conviction for aggravated assault was against the weight of the evidence.

(2) Whether the [t]rial [c]ourt's sentence for aggravated assault was manifestly excessive and unduly harsh.

Appellant's Brief, at 7.

In his first issue, Davis contends that his conviction for aggravated assault with a deadly weapon was against the weight of the evidence.

_____

[6] In his Rule 1925(b) Statement, Davis contends:

(1) The aggregate sentence of forty (40) to eighty (80) months of imprisonment imposed by the trial court was contrary to the fundamental norms of the sentencing process in that: (a) it was unduly harsh due to the excessive length of the sentence[;] and (b) it was based exclusively on the facts of the instant case while failing to give adequate consideration to the Defendant's difficult childhood, his mental health (particularly PTSD), and his drug addiction.

(2) The [t]rial [c]ourt erred when it denied the arrest of judgment and/or new trial on the grounds that the jury's verdict was against the weight of the evidence, to wit: (a) the evidence did not support a verdict of guilty on the charge of aggravated assault, as to serious bodily injury[;] and/or (b) the evidence did not support a verdict of guilty on the charge of aggravated assault, as to intent.

These issues are identical to those raised in Davis' motion for reconsideration of sentence.

Specifically, Davis claims that "[n]o evidence was admitted to show [his] alleged motive to intentionally or knowingly cause bodily injury to Mr. Hines." Appellant's Brief, at 20. Davis also asserts his "case rose to the level of [s]imple [a]ssault only" where he only swung once at Hines, was acquitted of PIC, no weapon was recovered, Hines' CAT scan was negative, and Hines' injuries required only one day in the hospital. *Id.* at 20-21.

Allegations of insufficient evidence to support the requisite elements of a crime are challenges to the sufficiency of the evidence, not the weight of the evidence. *See Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). The distinction between challenges to the weight of the evidence and the sufficiency of the evidence is critical. *Id.* In *Widmer*, our Supreme Court distinguished the two types of legal challenges as follows:

> A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence[,] if granted[,] would permit a second trial.
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial[,] on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is

- 4 -

sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict[-]winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence[,] do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine [whether,] notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id.* at 751-52 (citations, footnotes, and quotation marks omitted).

It is well-established that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Lord,* 719 A.2d 306, 309 (Pa. 1998). Furthermore, when our Court must guess what issues the appellant is appealing, it is not enough for meaningful review. *Commonwealth v. Dowling,* 778 A.2d 683, 687 (Pa. Super. 2001) (holding *Lord* applies to Rule 1925(b) statements that are so vague as to prevent trial court from identifying issue raised on appeal). Here, Davis' Rule 1925(b) statement conflates a weight of the evidence claim with a challenge to the sufficiency of the evidence. While his Rule 1925(b) statement frames the issue as a challenge to the weight of the evidence, Davis is really contesting the sufficiency of the Commonwealth's' evidence establishing the elements of aggravated assault—in particular, evidence of serious bodily injury and intent.

*See* Pa.R.A.P. 1925(b) Statement, 11/7/24, at 1.  In its Rule 1925(a) opinion,

the trial court concluded:

> Here[,] it is clear from the evidence presented at trial that [Davis] intended to cause serious bodily injury to [] Hines . . . when he struck [] Hines in the head without provocation or justification with a long cylindrical object that [Davis] had concealed behind his right arm.  Therefore, the verdict was not so contrary to the weight of the evidence such that it shocks one's sense of justice.

Trial Court Opinion, 11/21/24, at 12.  Because Davis fails to raise a specific

weight of the evidence issue in his Rule 1925(b) statement, we find that Davis'

weight claim has been waived.[7]

In his second issue, Davis contends that, because the trial court

sentenced him above the standard range of the Sentencing Guidelines and ran

his sentences consecutively, the sentence "was clearly unreasonable and

harsh" where Hines was struck only once and suffered a minor laceration.  *See*

Appellant's Brief at 23.  Further, Davis argues that the trial court "failed to

substantially consider [his] background, history of drug use, mental health

_____

[7] Conversely, we also find that because Davis failed to raise a sufficiency of the evidence claim in his Rule 1925(b) statement, any sufficiency challenge he may appear to argue in his appellate brief similarly has been waived.  *See Lord,* 719 A.2d at 309.  However, even if we were to consider Davis' claim on appeal as a challenge to the sufficiency of the evidence, we would find it meritless.  This court has consistently held that striking someone in the head with a solid object is sufficient to prove intent as to serious bodily injury.  *See Commonwealth v. Rightley,* 617 A.2d 1289, 1295 (Pa. Super. 1992) (sufficient evidence as to intent to cause serious bodily injury where defendant struck victim in head with aluminum baseball bat).  *See also Commonwealth v. Hall,* 830 A.2d 537, 542 (Pa. 2003) (intent to cause serious bodily injury may be proven by direct or circumstantial evidence); *Commonwealth v. Alexander,* 383 A.2d 887, 889-90 (Pa. 1978) (indicating use of weapon to aid attack is evidence of intent to inflict serious bodily injury).

issues[,] and [] rehabilitative needs. *Id.* This issue challenges the discretionary aspects of Davis' sentence.

As a preliminary matter, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury,* 992 A.2d 162, 170 (Pa. Super. 2010). Prior to considering the merits of a discretionary aspects of sentencing issue,

> we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (citations and brackets omitted). Here, Davis satisfies the first three prongs because he filed a timely notice of appeal, preserved the claim in his motion for reconsideration of sentence, and included a Rule 2119(f) statement in his brief. We, therefore, must determine whether Davis has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of whether a particular issue constitutes a substantial question as to the appropriateness of sentence must be evaluated on a case-by-case basis." *Commonwealth v. Paul,* 925 A.2d 825, 828 (Pa. Super. 2007) (citations omitted). "[I]n determining whether the appearance of a substantial question has been presented in the instant case, we do not look beyond the [appellant's] statement of questions [involved under

Pa.R.A.P. 2116(b)] and the [appellant's Rule] 2119(f) statement." ***Commonwealth v. Felix***, 539 A.2d 371, 377 (Pa. Super. 1988).

Instantly, Davis claims in his statement of questions that his sentence was manifestly excessive and unduly harsh and in his Rule 2119(f) statement that the court failed to consider certain mitigating factors in fashioning his sentence. ***See*** Appellant's Brief, at 7, 18. "A bald claim of excessiveness of sentence does not raise a substantial question so as to permit appellate review where the sentence is within the statutory limits." ***Commonwealth v. Petaccio***, 764 A.2d 582, 587 (Pa. Super. 2000) (brackets and citation omitted). Similarly, a claim that the trial court failed to consider an appellant's rehabilitative needs generally fails to raise a substantial question. ***Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa. Super. 2013). However, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (en banc) (citation omitted). Thus, we conclude that Davis has raised a substantial question, and we may proceed to decide the substantive merits of his claim.

The standard of review with respect to sentencing is well-established:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgement for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (citations omitted). An appellate court "must give great weight to the sentencing court's discretion, as [the trial judge] is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014).

"Where a [PSI] report[] exist[s], we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] report constitutes the record and speaks for itself." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). This Court has previously held that where the sentencing judge had the benefit of a PSI report and issued a sentence within the standard range of the sentencing guidelines, the sentence cannot be considered excessive or unreasonable. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 546 (Pa. Super. 1995). Moreover, "[l]ong standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014).

In the present case, the trial court had the benefit of a PSI report, which it took into consideration prior to sentencing Davis. *See* N.T. Sentencing

Hearing, 9/4/24, at 29. Additionally, contrary to Davis' claim, the trial court gave Davis a standard-range sentence.[8] We find, therefore, that Davis' claims as to the excessive length of his sentence and the court's failure to consider mitigating factors are meritless. *See Cruz-Centeno*, *supra*; *Devers*, *supra*. Further, Davis' argument that his sentence was "clearly unreasonable and harsh" because it ran consecutively is similarly meritless where our Court defers to the sentencing court's decision to impose sentences concurrently or consecutively. *See Zirkle*, *supra*. Therefore, because the trial court did not abuse its discretion in imposing Davis' sentence, we find that he is entitled to no relief. *Rodda*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2025

---

[8] Davis contends that the trial court's sentence was above the standard range of the Sentencing Guidelines. *See* Appellant's Brief at 23. However, this assertion is incorrect. Davis' aggravated assault and REAP sentences were within the standard range of the Sentencing Guidelines. *See* 204 Pa. Code § 303.16(a).